NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.* BENTON COUNTY.

(*Jackson,* April Term, 1930.)

Opinion filed December 13, 1930.

PEELER & PEELER, R. C. ARMSTRONG and FITZGERALD HALL, for complainant appellant.

JOE F. ODLE and ROBERTS & ROBERTS, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The tax levy imposed by the Quarterly County Court of Benton county for the year 1929, included special levies as follows:

| | |
|---|---|
| County Farm | $0.03 per $100 |
| Courthouse Sewerage | .03 ,, ,, |
| Outstanding Paupers | .05 ,, ,, |
| Insanity Claims | .10 ,, ,, |

These special levies were imposed by the quarterly county court upon the authority of Private Acts 1929, chapter 693, which authorizes special levies for the items enumerated and several other items of county expense.

This act of the general assembly did not fix a maximum rate of taxation for the authorized special levies. The complainant, as a taxpayer, contends that it is an unconstitutional delegation of legislative power and discretion, because the power of taxation thus conferred upon the county is unlimited and unrestrained. It is contended that such a delegation of the taxing power is "so palpably arbitrary as to violate the 'law of the land' clause of section 8 of Article I of the Tennessee Constitution and the 'due process of law' clause of the Fourteenth Amendment to the Constitution of the United States."

It is contended for the complainant that section 29 of Article 2 of the Tennessee Constitution, providing that the general assembly shall have power to authorize the several counties to impose taxes for county purposes, contemplates the exercise of some judgment and discretion by the legislature as to the amount of taxes which the county may impose, and that a statute conferring upon a county unlimited power of taxation is not a delegation of the taxing power but a complete surrender of the power by the general assembly. It is argued that such a delegation of power confers upon the county "the absolute power to destroy all property in the county."

No contention is made that the amounts levied by the quarterly county court for 1929 are excessive or unreasonable. The question made is directed only at the power of the general assembly to delegate the right to levy a tax without fixing the maximum rate as a limitation upon the power delegated.

If an *ad valorem* tax upon property, levied to provide funds for the payment of governmental expenses, is subject to judicial review, the judicial power may as well be exercised upon the action of the quarterly county court as upon a statute of the general assembly, levying the tax, or authorizing its levy. The fundamental premise upon which the contention of the complainant is grounded is that such a tax may not be levied at a rate which would amount to confiscation of the property taxed. If the legislative power of the general assembly to authorize an *ad valorem* tax is so limited, it seems to us to follow necessarily that the exercise of delegated power by the county would be subject to the same limitation. The judicial restraint would, in its final application, be imposed upon the county's right to exercise the delegated power.

■ The delegated power of taxation here involved is not unlimited as to the subject for which the county may levy a special tax. The power is therefore, by necessary implication, limited to the county's needs for the particular purpose for which it is authorized to levy a tax. This limitation is as effective to protect the rights of property owners as if a maximum rate had been specified in the statute; and the only office which the specification of such a maximum rate could serve would be to limit the county to the specified rate, even if the needs for the specified county purposes should demand a higher rate.

With or without such a limitation the county's power is limited by its necessities with respect to the purposes for which the authorized tax is levied. The extent to which the determination of the quarterly county court, with respect to the amount of a tax which the needs of the county require, may be subject to judicial review is not here involved; but it is clear that the judicial power would extend to restrain an arbitrary and unreasonable exercise of this power by the county, to the same extent that it could be applied to restrain the general assembly from delegating to the county the power to levy a tax at an arbitrary and confiscatory rate.

■ The statute in question confers no authority or power upon the county to violate or transgress any constitutional right of the property owners or taxpayers. It confers upon the county no power to levy a tax which the legislature could not itself impose; and the constitution expressly authorizes the general assembly to empower the county to levy any tax for county purposes which the general assembly could itself levy. We perceive no constitutional right of the complainant which is violated by the statute, and the decree of the chancellor sustaining its constitutionality is accordingly affirmed.